By the Court, Bronson, J.
The fair inference to be drawn from the defendant’s bond, seems to be, that the plaintiff was in some way bound to pay the debt which Steele owed to Jonson. If it was not so—if the plaintiff had no interest in having the debt paid when it should become due—why did he take the defendant’s bond to secure the payment? Again, the defendant agrees that he will pay the plaintiff a sum of money by satisfying the bond and mortgage to Jonson. If the satisfaction of those securities would be a payment to the plaintiff—and the parties agreed that it would be so—then the plaintiff must either have been bound for, or had a direct interest in the extinguishment of Steele’s debt.
The case then comes to this: the defendant agrees that he will pay, a sum of money when it becomes due, for which the plaintiff is bound to some third person, and that he will save the plaintiff harmless, &c. This is more than a bond of indemnity, and .the breach is well assigned by showing that the debt to Jonson was not paid at the day. Sergeant Williams says, that non-damnificatus cannot be pleaded where the condition is to discharge of acquit the plaintiff from such a bond, or other particular thing, for there the defendant must set forth affirmatively the special matter of performance. . But it is otherwise, where the condition is to discharge and acquit the plaintiff from any damage by reason of such bond or other particular thing, for that is in truth the same thing with a condition to indemnify and save harmless. (1 Saund. 116, note 1.) In Holmes v. Rhoades, (1 Bos. & Pul. 638,) the condition of the defendant’s bond was to pay a • sum of money when it should become due, for which the plaintiff was bound to a third person, and to indemnify; and. a plea of nondamnificatus, was held to be no answer to the action. Hodge v. Bell, (7 T. R. 93,) is to the same effect. These cases have *147 been fully approved, and the principle which they assert has been sanctioned by the highest authority in this state. (Port v. Jackson, 17 John. R. 239, and id. 479, S. C. affirmed on error.) This decision must be regarded as having, in effect, though silently, overruled the case of Douglass v. Clark, (14 John. R. 177,) on which the defendant relies. (See also Matter of Negus, 7 Wendell, 499.)
Judgment for plaintiff.